Dear Representative Barton:
Under correspondence to this office of recent date, you ask our resolution of the following legal issue:
 Do local governments have the authority to regulate the hours and days that a licensed riverboat gaming operation may serve alcoholic beverages in its pavilion boarding area?
The ability of a local parish or municipality to regulate the operations of riverboat gaming vessels is set forth in LSA-R.S.27:93 (B), providing in pertinent part:
 B. Other than to levy the admission fee
authorized by Subsection A of this Section, no local governing authority may license or regulate the operation of riverboats and the gaming operations conducted thereon. (Emphasis added).
Of further import is LSA-R.S. 27:93 (A), providing:
 A. (1) The local governing authority of the parish or municipality in which the licensed berth of a riverboat is located may levy an admission fee of up to two and one-half dollars for each passenger boarding or embarking upon a riverboat; provided that in Bossier Parish and Caddo Parish an admission fee of up to three dollars may be levied. For purposes of this Section, "licensed berth" shall mean the berth, dock, facility, or boarding area from which a riverboat excursion is authorized to originate by the commission or from which a riverboat is authorized by the commission to operate.
The ability to regulate alcohol is a power conferred upon the local governing authority only by statute, which in the instance of riverboat operation, is denied local government by virtue of the general law of LSA-R.S. 27:93 (B) of the Riverboat Gaming Act.[1] This office has previously determined that the serving or dispensing of alcohol on a gaming riverboat falls within the "operation of a riverboat" and for that reason no local parish or municipality may regulate such sale or the hours during which alcohol may be served. See Attorney General Opinion 94-194, a copy of which is attached. The terms "facility" and "boarding area" as mentioned in LSA-R.S. 27:93 (A) includes the pavilion. These areas fall within the ambit of the "operation of a riverboat" and our conclusion in Opinion 94-194 is similarly applicable herein.
We conclude that the Gaming Control Board[2] is delegated the authority to regulate the sale of alcoholic beverages within the confines of the riverboat, terminal or docking facilities which is inclusive of the pavilion.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Distinguishable is the power afforded by local governments under Article VI, § 17 of the 1974 Louisiana Constitution which grants to all local governments the power to enact zoning regulations which extends to gaming activities. See St. CharlesGaming Company, Inc. vs. Riverboat Gaming Commission,648 So.2d 1310 (La. 1995).
[2] The Louisiana Gaming Control Board is created by LSA-R.S.27:11 and has regulatory control over gaming activities and operations in the state.